IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ELVIS WOOTEN**,                                  Case No. 5:10 CV 1811

     Petitioner,                                Judge Solomon Oliver, Jr.

     v.                                        REPORT AND RECOMMENDATION

**BENNIE KELLY**, Warden,

     Respondent.                               Magistrate Judge James R. Knepp II

## Introduction

     Petitioner Elvis Wooten, a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1).  Respondent, Warden Bennie Kelly, filed a Return of Writ (Doc. 10) with exhibits (Docs. 10-1 – 10-2).  Petitioner did not file a Traverse.[1]

     The district court has jurisdiction over the Petition under § 2254(a).  This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2).  For the reasons discussed below, the undersigned recommends the Petition be denied.

## Background

*State Court Proceedings*

     In December 2007, a Stark County Grand Jury indicted Petitioner on charges of complicity to aggravated murder, complicity to aggravated robbery, complicity to aggravated burglary, and complicity to kidnapping. (Ex. 1, Doc. 10-1, at 4-6).  Each charge had a firearm specification.

     Before trial, Petitioner filed a notice of alibi, claiming he was with Shauntia Early at her

---

[1] The Return of Writ was filed December 17, 2010.  Petitioner has thus had ample time to file a Traverse and has not done so.

residence at the time of the crime.  (Ex. 2, Doc. 10-1, at 8).

Following a jury trial, Petitioner was convicted of complicity to aggravated robbery and complicity to aggravated burglary, but acquitted of complicity to kidnapping, complicity to aggravated murder, and each firearm specification.  (Exs. 3-8, Doc. 10-1, at 10-15).  On April 18, 2008, the trial court sentenced Petitioner to ten years imprisonment on complicity to commit aggravated robbery, and ten years imprisonment on complicity to commit aggravated burglary, to run consecutively.  (Ex. 9, Doc. 10-1, at 18-19).[2]

Petitioner, through new counsel, filed a timely notice of appeal to the Ohio Fifth District Court of Appeals.  (Ex. 10, Doc. 10-1, at 22).  He argued four assignments of error:

1.     [Petitioner] was denied his right to trial by an impartial jury.

2.     [Petitioner] was denied his right to effective assistance of counsel.

3.     [Petitioner] was denied his right to a fair trial due to prosecutorial misconduct.

4.     The trial court's finding of guilty was against the manifest weight of the evidence and was not supported by sufficient evidence.

(Ex. 11, Doc. 10-1, at 23-49).  The state filed a response (Ex. 12, Doc. 10-1, at 51-87), and on April 20, 2009, the appellate court affirmed the judgment of the trial court (Ex. 13, Doc. 10-1, at 88-113); *State v. Wooten*, 2009 WL 1065312 (Ohio App. 5 Dist.). Petitioner, *pro se*, filed a timely appeal to the Ohio Supreme Court.  (Ex. 14, Doc. 10-1, at 114-15).  He argued four propositions of law:

1.     [Petitioner] was denied his right to a trial by a fair and impartial jury supported by Ohio Constitution Article I Section 10.

_____

[2] Petitioner filed a motion for a new trial on July 18, 2008, claiming he had discovered a new witness with exculpatory evidence material to his defense.  (Ex. 18, Doc. 10-1, at 164-67).  The state filed a response.  (Ex. 19, Doc. 10-1, at 168-71).  On August 14, 2008, the trial court overruled the motion.  (Ex. 20, Doc. 10-1, at 172).  Petitioner did not appeal this decision.

2.  [Petitioner] was denied his right to effective assistance of counsel as guaranteed by the Ohio Constitution Article I Section 10.

3.  [Petitioner] was denied his right to a fair trial due to prosecutorial misconduct as guaranteed by Ohio Constitution Article I Section 10 and 16.

4.  The trial court's finding of guilty was against the manifest weight of the evidence as supported by the Ohio Constitution Article I Section 16.

(Ex. 15, Doc. 10-1, at 116-34).  In response, the state filed a waiver of memorandum.  (Ex. 16, Doc. 10-1, at 162).  On August 26, 2009, the Ohio Supreme Court denied leave to appeal and dismissed the case as not involving any substantial constitutional question.  (Ex. 17, Doc. 10-1, at 163).

On July 20, 2009, Petitioner, *pro se*, filed an application for reopening under Ohio Appellate Rule 26(B), asserting ineffective assistance of appellate counsel for failing to raise three issues:

1.  The Trial Court erred in imposing consecutive terms of imprisonment contrary to law and exceeding the maximum term for the most serious offense.

2.  The trial court erred in penalizing the defendant by imposing a sentence that was greater than all his co-defendants in violation of the court's obligation to sentence uniformly and fairly.

3.  The trial court committed plain error when it imposed the maximum plus consecutive sentences upon the defendant without making the required findings of fact.

(Ex. 21, Doc. 10-1, at 173-82).  The state filed a reply.  (Ex. 22, Doc. 10-1, at 183-91).  On September 16, 2009, the appellate court denied Petitioner's application for reopening.  (Ex. 23, Doc. 10-1, at 209-14).  On October 29, 2009, Petitioner, *pro se*, filed a notice of appeal to the Ohio Supreme Court.  (Ex. 24, Doc. 10-1, at 215-16).  He argued three assignments of error:

1.  The trial court erred in imposing consecutive terms of imprisonment contrary to law and/or exceeding the maximum term for the most serious offense.  In violation of the Ohio Const[itution] Article one section 16: (Due process).

2.  The trial court erred in penalizing the defendant by imposing a sentence that

3

was greater than all his co-defendants in violation of the court's obligation to sentence uniformly and fairly. In violation of Ohio Constitution Article #1 section #16.

3.  The trial court committed plain error when it imposed the maximum plus consecutive sentence upon the defendant without making the required fact findings.

(Ex. 25, Doc. 10-1, at 218-35).  The state filed a waiver of memorandum in response.  (Ex. 26, Doc. 10-1, at 244).  On December 16, 2009, the Ohio Supreme Court denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Ex. 27, Doc. 10-1, at 245).

*Federal Habeas Corpus*

On August 17, 2010, Petitioner filed the pending Petition, asserting three grounds:

1.  Conviction obtained by use of coerced confession.

2.  Denial of effective assistance of counsel.

3.  Malicious prosecution.

(Doc. 1).  Respondent filed a Return of Writ (Doc. 10) and Petitioner did not file a Traverse.

**Discussion**

*Exhaustion and Procedural Default*

Respondent contends all three of Petitioner's grounds are procedurally defaulted.

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies.  *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971).  "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."  *Picard*, 404 U.S. at 275.  The Supreme Court has stated that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues

4

by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A petitioner must present both the factual and legal bases of the claim.  *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004).  In other words, a petitioner must present "the same claim under the same theory" to the state court.  *Id.* at 552-53 (citation and internal quotation marks omitted).

If a petitioner fails to exhaust his claims, but still has an avenue open by which to do so, his petition is subject to dismissal for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). If the petitioner may no longer present his claims to a state court because of a procedural default, the petitioner has also forfeited the claims for purposes of federal habeas review absent a showing of "cause" and "prejudice."  *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).  The existence of cause "ordinarily turn[s] on whether the prisoner can show that some objective factor external to the defense impeded [the defense's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

A petitioner can procedurally default a claim in two ways.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  First, he may fail "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.*  Second, he may fail "to raise a claim in state court and pursue that claim through the state's ordinary appellate review procedures.  *Id.*; *see also Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts but were not[.]").

*Ground One*

In his first ground, Petitioner argues his conviction was obtained through use of a coerced confession.  In the supporting facts, he explains:

> Mike Hall and Raymond Byrd both took deals (15 yr) to testify against [P]etitioner. With each statement never matching the previous ones made by each individual. Hall agreed to testify first, and Byrd agreed second after he discovered the he was [going to ] be charged with aggravated murder and that Hall was [going to] testify against him, if need be.  And both statements were inconsistent to each other.

(Doc. 1, at 4).  Respondent correctly notes Petitioner never raised this claim in the state courts. This claim could have been raised on direct appeal, but was not, and it is thus defaulted.  *See Williams*, 460 F.3d at 806 ("Thus, if an Ohio Petitioner failed to raise a claim on direct appeal, which could have been raised on direct appeal, the claim is procedurally defaulted.").

Petitioner can overcome a procedural default by showing cause and prejudice for the default. *Coleman*, 501 U.S. at 750.  Petitioner has presented no argument for cause, and this Court sees none. Although ineffective assistance of appellate counsel may serve as cause to overcome a procedural default, this is so only if ineffective assistance of appellate counsel claim *itself* is also properly preserved.  *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000).  Petitioner presented arguments about the ineffectiveness of his appellate counsel in his application for reopening, however, he never argued appellate counsel was ineffective for failing to raise this claim.  As such, the ineffectiveness claim is defaulted and cannot serve as cause.

*Ground Two*

In his second ground, Petitioner argues ineffective assistance of counsel.  He explains:

> After conviction by the jury's verdict, the acquittal of the firearm specifications made it possible for the defense attorney to have the verdict modified from 2 felonies of the first degree to a felony of the second and one of another inferior degree, which would have lessened the maximum of 20 yr penalty to one [] more lenient to his client.

(Doc. 1, at 4).  Respondent again correctly notes Petitioner never raised this claim to the state courts. Petitioner *did* raise ineffective assistance of counsel claims to the state courts, however, he never

argued counsel was ineffective for the reason he now alleges.  (*See* Ex. 11, Doc. 10-1, at 39 (arguing trial counsel was ineffective for failing to inquire into a juror's request to be excused and for failing to file a motion for new trial due to juror misconduct); Ex. 21, Doc. 10-1, at 177-80 (arguing appellate counsel was ineffective for failing to raise objections to the trial court's sentence)).  For an ineffective assistance of counsel claim to be fairly presented to the state courts, it must be based on the same allegedly ineffective action in federal court as identified in state court.  *Caver v. Straub*, 349 F.3d 340, 346-47 (6th Cir. 2003) ("[T]o the extent that an ineffective assistance of counsel claim is based upon a different allegedly ineffective action than the claim presented to the state courts, the claim has not been fairly presented to the state courts.").  Because Petitioner had new counsel on direct appeal, under Ohio law *res judicata* bars Petitioner from raising any ineffective assistance of trial counsel claim that could have been determined on direct appeal without looking to evidence outside the record. *Monzo v. Edwards*, 281 F.3d 568, 576-77 (6th Cir. 2002) (citing *State v. Cole*, 2 Ohio St. 3d 112 (1982)); *Williams*, 460 F.3d at 806.  No avenue remains for Petitioner to raise this claim and the claim is therefore procedurally defaulted.

For the reasons explained in Ground One, Petitioner has not shown cause and prejudice to overcome this default.

*Ground Three*

In his third ground, Petitioner alleges "malicious prosecution."  His supporting facts state: "The prosecutor, during the alibi/defenses presentation of their case made a statement that violated the petitioner's confrontation clause, and the judge excused it on a ground that had nothing to do with the subject at hand."  (Doc. 1, at 5).  Although Petitioner raised this claim on direct appeal – as a prosecutorial misconduct claim – Respondent contends this issue was not fairly presented to the

7

state courts because to the Ohio Supreme Court, Petitioner only argued the prosecutor's conduct violated the *Ohio* constitution, and not the *federal* constitution.

As the Sixth Circuit has explained:

A petitioner can take four actions in its brief which are significant to the determination as to whether a claim has been fairly presented: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  To the appellate court, Petitioner, through counsel, cited several "state cases employing federal constitutional analysis" in his argument that he was denied a fair trial by prosecutorial misconduct.  (*See, e.g.*, Ex. 11, Doc. 10-1, at 40-41 (citing *State v. Gest*, 108 Ohio App. 3d 248, 257 (1995) (citing *Berger v. U.S.*, 295 U.S. 78, 88 (1935)) and *State v. Keenan*, 66 Ohio St. 3d 402 (1993) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45 (1974) and *Darden v. Wainwright*, 477 U.S. 168, 181-82 (1986)))).  Petitioner, *pro se*, cited some of the same cases in his appeal to the Ohio Supreme Court.  Because, as discussed below, Petitioner's third ground is without merit, the Court need not determine whether a few citations to state cases that themselves cite to federal cases are sufficient to constitute exhaustion in this instance.  Even assuming they are, Petitioner's third ground fails.

*Standard of Review*

When the basis for a federal habeas claim has been previously adjudicated by the state courts, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C.

§ 2254(d)(1). A federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

*Analysis*

"In the evaluation of a claim for prosecutorial misconduct, it is not enough that the prosecutor's comments were improper, but '[t]he relevant question is whether the prosecutors' comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process."'" *Smith v. Mitchell*, 567 F.3d 246, 255 (6th Cir. 2009) (quoting *Darden*, 477 U.S. at 181 (quoting *Donnelly*, 416 U.S. at 643)).  "In order to satisfy the standard for prosecutorial misconduct, the conduct must be both improper and flagrant." *Broom v. Mitchell*, 441 F.3d 392, 412 (6th Cir. 2006). To determine whether improper conduct is flagrant, courts consider four factors:

> (1) the likelihood that the remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) the total strength of the evidence against the defendant.

*Bates v. Bell*, 402 F.3d 635, 641 (6th Cir. 2005).

Petitioner claims the prosecutor committed misconduct by asking Plaintiff's alibi witness a question that included a fact not in evidence in an attempt to impeach. The state appellate court addressed this issue – quoting the relevant exchange – and found any prosecutorial misconduct did not rise to the level of a deprivation of a fair trial:

9

{¶ 46} In his third assignment of error, Appellant maintains he was denied his right to a fair trial due to prosecutorial misconduct.

{¶ 47} Determining whether improper remarks constitute prosecutorial misconduct requires analysis as to (1) whether the remarks were improper and (2), if so, whether the remarks prejudicially affected the accused's substantial rights. *State v. Tenace* (2006), 109 Ohio St.3d 255, 847 N.E.2d 386, citing *State v. Smith* (1984), 14 Ohio St.3d 13, 14, 14 OBR 317, 470 N.E.2d 883. The touchstone of analysis "is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips* (1982), 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78. We will not deem a trial unfair if, in the context of the entire trial, it appears clear beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper comments. *State v. Treesh* (2001), 90 Ohio St.3d 460, 464, 739 N.E.2d 749.

{¶ 48} In addition, the challenged comments of the prosecutor are reviewed in the context of the entire trial. This review thus necessitates a review of the evidence and its strengths and weaknesses relative to the defendant's guilt, as well as any corrective measures, such as curative instructions, taken by the trial court. *State v. Cunningham*, 105 Ohio St.3d 197, 2004-Ohio-7007, 824 N.E.2d 504, at ¶ 86 ("Isolated comments by a prosecutor are not to be taken out of context and given their most damaging meaning."); *State v. Keenan*, 66 Ohio St.3d at 410, 613 N.E.2d at 209 ("We consider the effect the misconduct had on the jury in the context of the entire trial. * * * One factor relevant to the due-process analysis is whether the misconduct was an isolated incident in an otherwise properly tried case.")

{¶ 49} Appellant's complaints surround the following portion of the State's cross-examination of Shauntia Earley:

{¶ 50} "PROSECUTOR: Shauntia, the truth is when you told Sergeant George the first time you didn't know anything, that was [sic] the truth. Isn't that right?

{¶ 51} "SHAUNTIA EARLEY: Yes, I did know.

{¶ 52} "PROSECUTOR: Said Toya [Rutledge] was there in your apartment that night, also?

{¶ 53} "SHAUNTIA EARLEY: Yes, she was.

{¶ 54} "PROSECUTOR: You know now that Toya has confessed to being the driver of that car, isn't that right?

{¶ 55} "DEFENSE COUNSEL: Oh, objection, mistrial."

{¶ 56} T(III) at 671-672.

10

{¶ 57} The trial court called counsel to sidebar. The prosecutor maintained Det. George testified Rutledge was identified as the driver. Defense counsel noted Det. George never testified Rutledge confessed. The trial court reserved ruling on Appellant's request for a mistrial until the following day and directed counsel to proceed. Neither party had any further questions for Earley and the defense rested. The court then gave the following instruction to the jury:

{¶ 58} "THE COURT: I know that there was a stir in the courtroom when counsel made an objection and asked for a mistrial relative to a statement made by – a question asked by the Prosecutor concerning the other individual that is alleged that by some to have been in the car; and I am instructing you now to disregard the question and the answer.

{¶ 59} "That is not relevant to your decisions with regard to any involvement by this particular Defendant in this case. So disregard that question and any answer that was given as it relates to that."

{¶ 60} T(III) at 683-684

{¶ 61} The court then recessed until the following morning when it ruled on Appellant's motion for a mistrial:

{¶ 62} "THE COURT: The Court has had an opportunity to hear the arguments and also to deliberate with regard to this motion.

{¶ 63} "Specifically, the transcript of the question and answer – the question would reflect that the exact question was, by Mr. Vance said 'Toya was there in your apartment that night also' the answer, 'Yes, she was.'

{¶ 64} 'You know now that Latoya has confessed to being the driver of that car, isn't that right'

{¶ 65} "Objection, the motion for the mistrial

{¶ 66} "So the objectionable question, 'You know now that Toya has confessed to being the driver of that car, isn't that right,' that fact, the fact of the confession by Toya was not in evidence at the time the question was posed.

{¶ 67} "Had she responded 'No, I don't know,' the State would not have been in a position to bring in extrinsic evidence of the facts of the confession.

{¶ 68} "There is no question but that the State had a good faith knowledge or understanding that there was, had been a confession.

11

{¶ 69} "The court does not look at the fact of the statement that there had been a confession to being the driver as being a statement which denies the defense of confrontation in terms of the Sixth Amendment.

{¶ 70} "It is a statement or fact that was used for impeachment purposes to show inconsistency between what was being stated by a witness and what fact was in fact in existence.

{¶ 71} "The Court has gone the extra step, probably further than the Court needed to go, in sustaining the objection and giving the curative instruction to the jury to ignore the question and answer.

{¶ 72} "Clearly, the Court does not find that this was a statement by a Co-Defendant implicating, or any witness, implicating the Defendant that would be inappropriate.

{¶ 73} "To the extent that the jury infers that the alibi witness is less than truthful, that was the exact purpose of the reason for the question in the first place.

{¶ 74} "They are entitled to impeach witnesses called by the State based on inconsistent statements made in the past.

{¶ 75} "Further, the Court did give a curative instruction.

{¶ 76} "Lastly, the question in and of itself, the jury has already been instructed is not evidence; and the question was not answered.

{¶ 77} "For all those reasons, the Court finds that No. 1, there wasn't any misconduct on the part of the State of Ohio.

{¶ 78} "No. 2, to the extent there was any mistake made, it was overly cured by the instruction given to the jury.

{¶ 79} "And, thirdly, there was absolutely no prejudice to the defendant as a result of that.

{¶ 80} "Accordingly, the Court overrules the motion for mistrial."

{¶ 81} T(IV) at 700-703.

{¶ 82} The trial court found the Prosecutor had a good-faith belief a factual predicate for the question existed. Nothing in the record affirmatively demonstrates otherwise. Det. George testified that Rutledge was identified as the driver and Appellant had been provided with Rutledge's confession during discovery. T(II) at 539-540 and

12

T(V) at 699.

> {¶ 83} Assuming, arguendo, the Prosecutor's question was improper, we find Appellant cannot show prejudicial error. The trial court sustained the objection and gave a curative instruction. A jury is presumed to follow the curative instructions of the court. *State v. Garner* (1995), 74 Ohio St.3d 49, 59, 656 N.E.2d 623, 634; *State v. Loza* (1994), 71 Ohio St.3d 61, 75, 641 N.E.2d 1082, 1100. The confession of Rutledge she drove Appellant and the others to and from the Hight home does not go to the underlying offenses with which Appellant was charged. The jury had ample evidence before it to find beyond a reasonable doubt Appellant did, in fact, aid, abet and solicit Hall, Jenkins, and Byrd to commit aggravated robbery and aggravated burglary even without Rutledge's confession. Finally, this is only one incident of alleged misconduct in a trial which occurred over a four day period. If indeed the question constituted misconduct, it was an isolated incident in an otherwise properly tried case.

*Wooten*, 2009 WL 1065312.  This decision is not contrary to or an unreasonable application of federal law.  This was a single isolated comment that, even if improper, was not flagrant, and did not "so infect the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181.  The trial court immediately gave a curative instruction, which the Court must presume the jury followed.  *Scott*, 209 F.3d at 879 (holding that curative instructions are "presume[d] to have been effective unless there is an 'overwhelming probability' that they were ignored" (quoting *Richardson v. Marsh*, 481 U.S. 200, 208 (1987))). Further, the single remark was isolated, and there was substantial evidence from which a jury could find Petitioner guilty beyond a reasonable doubt.  *See Wooten*, 2009 WL 1065312, ¶¶2-27 (summarizing the facts presented at trial); 28 U.S.C. § 2254(e)(1) (state court factual findings "presumed to be correct" unless Petitioner rebuts them with "clear and convincing evidence").  The state court's conclusion that the prosecutor's question did not render the trial unfair is not contrary to or an unreasonable application of federal law.  As such, Ground Three fails.

## Conclusion and Recommendation

Following review, the undersigned recommends the court find Grounds One and Two procedurally defaulted and Ground Three without merit. There has been no demonstrated need for an evidentiary hearing. The Petition should be denied.

s/James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).